IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARK C. HAIK, an Individual; and RAYMOND HAIK, an Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SALT LAKE CITY CORPORATION, a municipal corporation, JEFFRY THOMAS NIERMEYER, an Individual; TOWN OF ALTA, a municipal corporation; and JOHN GULDNER, an Individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES<br><br><br><br>Case No. 2:12-CV-997 TS |

This matter is before the Court on two Motions for Attorneys' Fees filed by Defendants. For the reasons discussed below, the Court will deny the Motions.

I.  BACKGROUND

The parties are familiar with the facts of this case and a detailed recitation of those facts is not necessary for the purposes of this Order.  In short, Defendants were successful in obtaining dismissal of Plaintiffs' Complaint and now seek attorneys' fees.

1

## II. DISCUSSION

Defendants seek their attorneys' fees under three separate provisions: Rule 11 of the Federal Rules of Civil Procedure; 28 U.S.C. § 1927; and 42 U.S.C. § 1988. The Court will discuss each in turn.

A.  RULE 11

Defendants first argue that they are entitled to sanctions under Fed. R. Civ. P. 11. Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[1]

Defendants argue that Plaintiff's Complaint was brought to harass, needlessly increase costs, and was not supported by a nonfrivolous argument for modifying or reversing existing precedent.

Plaintiffs oppose Defendants' Motions, first arguing that Defendants have failed to comply with the requirements of Rule 11, then arguing that the request fails on the merits.

---

[1] Fed. R. Civ. P. 11(b).

2

>Pursuant to Fed. R. Civ. P. 11(c)(2):
>
>A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.[2]

In this case, Defendants' Rule 11 motion is combined with their Motions for Attorneys' Fees and was not presented to Plaintiffs prior to its filing. Therefore, the Court finds that Defendants have failed to comply with the requirements of Rule 11. The Tenth Circuit has held that it is an abuse of discretion for a court to grant Rule 11 sanctions where a defendant has failed to comply with the requirements of the rule.[3] Further, Defendants' Motions were filed after the Court granted Defendants' motions to dismiss. The Tenth Circuit has stated that denial in such circumstances is appropriate because the parties cannot comply with Rule 11's safe harbor provision.[4] Therefore, the Court must deny Defendants' request for Rule 11 sanctions.[5]

B.   28 U.S.C. § 1927

Section "1927 permits, but does not require, the district court to impose sanctions in the form of excess costs, expenses, and attorney's fees on 'any attorney . . . who . . . multiplies the

---

[2] Fed. R. Civ. P. 11(c)(2).

[3] *Roth v. Green*, 466 F.3d 1179, 1191-92 (10th Cir. 2006).

[4] *Id*. at 1193.

[5] Even if Defendants' Motions complied with the requirements of Rule 11, the Court would find that sanctions under Rule 11 would not be appropriate.

proceedings in any case unreasonably and vexatiously.'"[6] "[T]he power to assess costs against an attorney under § 1927 is a power that must be strictly construed and utilized only in instances evidencing a serious . . . disregard for the orderly process of justice."[7]

Applying an objective bad faith standard, sanctions under § 1927 "are appropriate when: (1) an attorney attempts to mislead the court; (2) an attorney intentionally acts without a plausible basis; (3) the entire course of proceedings is unwarranted; or (4) certain discovery is substantially unjustified and interposed for the purposes of harassment, unnecessary delay, and to increase the costs of litigation."[8]

Reviewing the entire record in this case, the Court cannot find that counsel for Plaintiffs unreasonably and vexatiously multiplied the proceedings in this case. Therefore, the Court will deny Defendants' Motions on this ground.

C.      42 U.S.C. § 1988

A prevailing party may be awarded attorneys' fees in an action brought pursuant to 42 U.S.C. § 1983.[9] "A prevailing defendant in a civil rights action may recover attorney's fees under 42 U.S.C. § 1988 if the suit 'was vexatious, frivolous, or brought to harass or embarrass

---

[6] *Ctr. for Legal Advocacy v. Earnest*, 89 F. App'x 192, 193 (10th Cir. 2004) (unpublished) (quoting 28 U.S.C. § 1927).

[7] *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (internal quotation marks and citations omitted).

[8] *Ctr. for Legal Advocacy*, 89 F. App'x at 193 (citing *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998)).

[9] *See* 42 U.S.C. § 1988(b).

the defendant.'"[10]  "This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff."[11]

As with Defendants' request under 28 U.S.C. § 1927, the Court cannot find that Plaintiffs' suit was vexatious, frivolous, or brought to harass or embarrass Defendants. Therefore, the Court will deny Defendants' Motions on this ground.

### III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Attorneys' Fees (Docket Nos. 54 and 56) are DENIED.

DATED   May 13, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[10] *Utah Women's Clinic, Inc. v. Leavitt*, 136 F.3d 707, 709 (10th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983)).

[11] *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000) (citations omitted).